IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 5715 |
| v. | ) |
| CITY OF PROSPECT HEIGHTS, STEVE | ) HONORABLE DAVID H. COAR |
| SKIBER, RODNEY ERB, UNKNOWN | ) |
| POLICE OFFICERS, BRENDAN | ) |
| MCCOOEY, GUY M. KARM and | ) |
| MICHAEL ZIMMERMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Richard Johnson and his lay ministry, Covenant Training School Ministry, are suing the City of Prospect Heights, several city officials, police officers, city attorneys and an Illinois state judge, for infringement upon their constitutionally and otherwise federally protected rights, arising from the use of real property.[1]

---

[1] On January 12, 2006, this court issued a *sua sponte* Rule to Show Cause why Covenant Training School Ministry ("Covenant") should not be dismissed as there was nothing before the court to establish it as a legally cognizable entity. The basis for the Rule was that a fair reading of the Complaint revealed that Richard Johnson, a non-lawyer, filed the Complaint on behalf of himself (which he was entitled to do) and Covenant, a presumably legal entity separate from Mr. Johnson. Moreover, in Illinois, a non-lawyer may not represent another entity. See Oak Grove Jubilee Center, Inc. v. City of Genoa, 808 N.E.2d 576 (2004); 705 ILCS 205/11. This court will assume that Covenant has a sufficient interest in the property to confer standing. What is not assumed is the authority, under Illinois law, for Mr. Johnson to appear in this court on behalf of Covenant. Covenant should be dismissed from this suit because Mr. Johnson lacks the legal authority to file this action on its behalf. Even if Covenant were properly represented and before this court, it would fare no better than Mr. Johnson on the motions to dismiss addressed herein.

Plaintiff Johnson's Complaint at Law alleges nine separate counts. Count 1 alleges violations of the Fourth, Fifth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Skiber, the City and unnamed officers for the seizure and taking of real property without due process of law. Count 2 alleges violations of the Fourth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Erb and the City for unreasonable search and seizure of Mr. Johnson himself and the subject property. Count 3 alleges violations of the Fourth, Fifth, Ninth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Karm, McCooey, Skiber and the City for the seizure and taking of the subject property without due process of law. Count 4 is a civil conspiracy allegation that Defendants McCooey, Skiber, Karm, Zimmerman and the City conspired to deprive Plaintiff of his constitutional rights and his interest in the subject property. Count 5 alleges that Defendants violated the Fourth Amendment and §1983 when they entered and searched the subject property pursuant to administrative search warrants. Count 6 alleges violations of the First Amendment and "Federal Law 97-820" against all Defendants for the free exercise of his religious beliefs. Count 7 alleges that Prospect Height's municipal ordinance known as "CABO One and Two Family Dwelling Code" is *ultra vires* or unconstitutional as applied. Count 8 alleges that an order of the Illinois Appellate Court is void or Illinois law 65 ILCS 5/11-30-4 is unconstitutional as applied. Lastly, Count 9 alleges that the Defendants harassed the Plaintiff, trespassed on his property and abused police authority.

Defendants City of Prospect Heights, Steve Skiber, Rodney Erb, Guy M. Karm and Michael Zimmerman now move this Court to dismiss Plaintiff's Complaint at Law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because 1) it is barred by *res judicata*, 2)

an adequate state remedy exists and 3) absolute immunity applies to Defendants Guy M. Karm and Michael Zimmerman, who are attorneys for the City. Also before this Court is Defendant Judge McCooey's combined 12(b)(1) and 12(b)(6) motion to dismiss the entire complaint for lack of subject-matter jurisdiction based on the Rooker-Feldman doctrine and for failure to state a claim upon which relief can be granted based on judicial immunity.

## I. FACTUAL BACKGROUND

At this stage of the proceeding, this court must assume that the facts alleged in the complaint are true as to the Rule 12(b)(6) motion. As to the Rule 12(b)(1) motion however, a district court is not limited to the complaint alone. Crawford v. United States, 796 F.2d 924, 928 (7th Cir.1986). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995) (quoting Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993) (further internal quotation marks and citations omitted)).

Plaintiff Richard Johnson is a lay minister and has established a ministry, known as Covenant Training School Ministry ("Covenant"), which utilizes real property at 1015 Drake Terrace, Prospect Heights, Illinois. Mr. Johnson undertook construction on the property which Plaintiff refers to as maintenance and repair in the normal course of husbandry. Plaintiff posted signs on the property directing the public to keep out and stating that entry unto the property would result in a land use fee of $5000.

By September, 2003, the City of Prospect Heights (the "City") became aware of the Plaintiff's husbandry and on September 27th and 30th, Plaintiff received notices directing him to

contact Steve Skiber, the Building Director of the City regarding the current construction taking place on the real property. On October 4, 2003, Mr. Skiber issued an order to stop work on the property without citation to applicable law. On October 5, 2003, Police Officer Rodney Erb entered and searched the property without permission. Officer Erb ordered Mr. Johnson out of his home, searched his person and finally released him without incident. Officer Erb issued two parking violations to automobiles parked in front of the Plaintiff's home, but no citations were issued to other automobiles parked on the street. Mr. Johnson called the Prospect Heights police department to complain of harassment, but never received a response.

Plaintiff wrote two letters to City officials regarding the stop work order and Mr. Johnson's encounter with Officer Erb, to which the City did not respond. On October 14, 2003, Plaintiff received three citations for the following three violations: 1) failure to obtain a building permit, 2) violating a stop work order, and 3) construction on a Sunday. On October 15, 2003, Mr. Skiber and two officers entered unto the property, searched the premises and posted "stop work" orders.

In November of 2003, Plaintiff received notices to appear in the Circuit Court of Cook County on November 17, 2003. A few days before the scheduled appearance, a police officer handed Mr. Johnson a complaint consisting of three counts. Judge Brendan McCooey issued a temporary injunction and an administrative search warrant to inspect the property. On November 19, 2003, Mr. Skiber, five police officers and two other people searched the property.

Over the next ten months, Plaintiff filed numerous motions in state court to compel the City and Judge McCooey to demonstrate the legal basis for the City's administrative jurisdiction and the Court's subject-matter jurisdiction. On August 17, 2004, Plaintiff filed a motion with the

Circuit Court entitled "Motion to Dissolve Injunction and for Damages Caused..." Judge McCooey denied the motion without hearing it and proceeded to trial. Plaintiff lost at trial and final judgement was entered against Plaintiff to pay fines, to permanently stop work and for another administrative search of the property. In April of 2005, the City forcibly entered the premises pursuant to an administrative warrant to search for mold.

Plaintiff appealed the final judgement of the Circuit Court to the Illinois Appellate Court. On May 27, 2005, the appellate court issued an unpublished order denying the appeal. Plaintiff filed this suit on October 4, 2005.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). On a 12(b)(6) motion, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true, Fed. R. Civ. P. (12)(b)(6), and views the allegations in the light most favorable to the plaintiff. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). A Court should not dismiss a complaint "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Upon a 12(b)(1) motion to dismiss though, a district court does not accept all factual allegations of the complaint as true. See Kolowitz v. United States, 1995 WL 32612 (N.D.Ill. 1995).

For the reasons stated below, Defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART. Defendants' motions to dismiss are GRANTED entirely with respect to

Counts 1, 3, 4, 5, 6, 7 and 8 of the Complaint at Law. Defendants' motions to dismiss are GRANTED partially with respect to Count 9 of the Plaintiff's Complaint at Law against Defendants Judge Brendan McCooey, Guy M. Karm and Michael Zimmerman.

### III. ANALYSIS

**A. Res Judicata**

Rule 8(c) of the Rules of Federal Procedure lists *res judicata* as an affirmative defense. The earliest time to consider an affirmative defense is normally in a Rule 12(c) motion for judgment on the pleadings. Mosely v. Bd. of Educ. of the City of Chicago, 434 F.3d 527, 533 (7th Cir. 2006). This court will not dismiss a complaint in instances where such dismissal would be tantamount to forcing a plaintiff to plead allegations to deny an affirmative defense.

Defendants' motion to dismiss on the grounds of *res judicata* is denied without prejudice to the Defendants' right to raise this issue at the proper time and pursuant to the appropriate subsection of the Federal Rules of Civil Procedure.

**B. Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine mandates that district courts do not have subject-matter jurisdiction to hear claims which are essentially appeals from the state courts. Burke v. Johnston, 452 F.3d 665, 667 (7th Cir. 2006). "It applies to cases brought by state court losers complaining of injuries caused by state court judgements... inviting district court review and rejection of these judgements." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). The Seventh Circuit instructs that the "doctrine applies only where a litigant seeks to overturn a state-court judgment." Kathrein v. McGrath, 2006 WL 287433 (7th Cir. 2006).

Upon reviewing the complaint, the order of the Illinois Appellate Court and the Appellant's Brief submitted to that court, all herein incorporated by reference and attached hereto, it is apparent that the Plaintiff now asks this Court to review and void orders of the Illinois Appellate Court and Circuit Court. Each count in the Plaintiff's complaint was already raised in the state court proceedings and addressed by the Illinois Appellate Court except for Count 2 and Count 9.[2]

Count 1 alleges violations of the Fourth, Fifth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Skiber, the City and unnamed officers for the seizure and taking of real property without due process of law when they issued and attached the stop work order on the subject property. Count 3 alleges violations of the Fourth, Fifth, Ninth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Karm, McCooey, Skiber and the City for the seizure and taking of the subject property without due process of law by enjoining construction on the property as a result of the litigation. Count 4 is a civil conspiracy allegation that Defendants McCooey, Skiber, Karm, Zimmerman and the City conspired to deprive Plaintiff of his constitutional rights and his interest in the subject property. Count 5 asks this court to find Fourth Amendment violations for unlawful searches and seizures done pursuant to administrative search warrants. Count 6 asks this court to determine whether the Defendants actions' inhibited the Plaintiff's free exercise of his religious beliefs. Count 7 ask

---

[2] Count 2 of the complaint alleges Defendants Erb and the City violated the Fourth Amendment and §1983 when Defendant Erb searched the subject property and detained and searched Mr. Johnson without any warrant. Count 9 alleges harassment, trespass and abuse of authority against the City and its police officers for conducting continuous surveillance of the Plaintiff and the subject property, selective imposing parking tickets on automobiles parked in front of the subject property. These claims were not presented to, nor addressed by, the Illinois Appellate Court.

this Court to declare Prospect Height's municipal ordinance known as "CABO One and Two Family Dwelling Code" is *ultra vires* or unconstitutional as applied. Count 8 asks this Court to void an order of the Illinois Appellate Court or declare 65 Ill. Comp. Stat 5/11-30-4 unconstitutional as applied. The Illinois Appellate Court has already ruled on each one of the above-listed issues. The administrative search warrants were already upheld by the Illinois Appellate court.

This is not a matter of issue preclusion; rather this is a matter of subject-matter jurisdiction. Under the Rooker-Feldman doctrine, federal district courts do not have the subject-matter jurisdiction to review or overturn Illinois state court decisions. The Illinois Appellate Court has already ruled on each of the issues presented in the Plaintiff's complaint except Count 2, which alleges Defendants Erb and the City violated the Fourth Amendment and §1983 when Defendant Erb searched the property and detained and searched Mr. Johnson without a warrant. Also, it is well settled law that under 28 U.S.C. §1738, federal courts must afford the records and judicial proceedings of any state, territory, or possession the same full faith and credit in federal court that they are entitled to by the law or usage in the courts of the state, territory, or possession where the proceedings took place. <u>Marresse v. American Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 380 (1985). Defendants are correct in their assertion that the Plaintiff's allegations in Counts 1, 3, 4, 5, 6, 7 and 8 are nothing more than appeals to this court of the Illinois courts' final judgments. Therefore, this Court does not have the subject-matter jurisdiction to hear those claims.

Careful scrutiny of the Plaintiff's complaint reveals that in Counts 2 and 9 of the complaint, the Plaintiff is not simply seeking the review or overturning of state court judgments

relating to the disposition of real property. Instead, he brings a constitutional claim and pendant state claims, which when viewed in the light of the complaint only, are not appeals from the state courts' judgments, they are independent claims this court has jurisdiction to adjudicate.

Defendant's 12(b)(1) motion to dismiss based on the Rooker-Feldman doctrine is granted as to Counts 1, 3, 4, 5, 6, 7 and 8.

**C. Absolute Immunity**

1) Judge Brendan McCooey

Judge McCooey is being sued for actions he performed or ordered while he was a state trial judge. Judges have absolute immunity to suits for monetary damages based upon judicial acts. Stump v. Starkman, 435 U.S. 349 (1978). However, that immunity does not exist where the judge acted in the "clear absence of all jurisdiction." Id. at 357. Clear absence of all jurisdiction refers to a lack of subject-matter jurisdiction. See id. at 359. Plaintiffs argue that because they have pleaded Judge McCooey acted in the clear absence of all jurisdiction, that they have met their pleading burden.

Although Plaintiff acknowledges that he appeared before Judge McCooey in the "Cook County Court, Rolling Meadows," he alleges that there was no jurisdiction in that court. Yet, Plaintiff admits that the circuit court of Illinois is a court of original jurisdiction over all justiciable matters. The Supreme Court held in Stump that unless specifically limited by statute or case law, a judge of a court of general jurisdiction with broad authority to hear all cases has the subject-matter jurisdiction to hear all matters. 435 U.S. at 357. Judge McCooey is such a judge and the Cook County court in Rolling Meadows is such a court as described in Stump.

Because the Illinois Circuit Court is a general court of original jurisdiction, the Plaintiff's allegation that Judge McCooey acted in the clear absence of all jurisdiction fails.

Jurisdiction is only one prong of the two-prong test articulated by the Supreme Court in Stump. A plaintiff must also plead that the defendant judge's actions were not judicial. Plaintiffs have failed to even allege in their Complaint at Law that Judge McCooey engaged in any activities that were not judicial in character.

Thus, based upon their complaint, Plaintiff cannot prove any set of facts that will support the imposition of monetary damages on Judge McCooey in light of the absolute immunity accorded judges. Defendant argues that declaratory relief serves no purpose in this suit but does not argue that the matter is moot. Usually this Court will not consider the appropriateness of relief sought on a motion to dismiss; just whether such relief is available. However, "declaratory relief is discretionary with the court and need not be entered if no real purpose would be served." Hernandez-Ortez v. Godinez, 1988 WL 129997 at *2 (N.D. Ill 1988) citing Tempco Elec. Heater Corp. v. Omega Eng'g Inc., 819 F.2d 796, 747 (7th Cir. 1987).

The Supreme Court has instructed that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). The Seventh Circuit has noted that "[t]he purposes of declaratory judgments are to 'clarify[ ] and settl[e] the legal relations at issue' and to 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Tempco Elec. Heater Corp., 819 F.2d at 749 (quoting Borchard, Declaratory Judgements 299 (2d ed. 1941). Here, the legal relations at issue were already settled by the state courts and those decisions will not be disturbed. Thus, in the instant case, declaratory judgment serves no real

-10-

purpose other than 1) to supercede the rulings of the Illinois Appellate Court which would be a gross interference with the comprehensive disposition of Illinois state litigation and 2) provide the Plaintiff an opportunity to harass and vex state actors with whom he disagrees.

Having already dismissed Counts 1, 3, 4, 5, 6, 7 and 8 entirely, Defendant's motion to dismiss is granted as to Count 9 as to Judge McCooey.

2) Defendants Karm and Zimmerman

Counts 3, 4, 5, 6 and 9 name Guy M. Karm and Michael Zimmerman in this suit in addition to other defendants. Mr. Karm was the prosecutor who prosecuted the Plaintiff in the Illinois Circuit Court pursuant to the City's citations and complaint. Mr. Zimmerman is an appellate attorney who represented the City in the Illinois appellate court. Defendants move to dismiss these two defendants from this suit on the grounds that they are absolutely immune from suit.

Plaintiff argues that by undertaking their official duties of prosecuting offenses and defending the City in appellate litigation, respectively, Mr. Karm and Mr. Zimmerman have violated Plaintiff's constitutional rights. Plaintiff's argument has no merit. Prosecutors are immune from liability under §1983 "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Houston v. Partee, 978 F.2d 362, 365 (7th Cir. 1992) (citing Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976))). The purpose of prosecutorial immunity is to "free the judicial process from the harassment and intimidation associated with frivolous litigation." Anderson v. Simon, 217 F.3d 472 (7th Cir. 2000) (quoting Imbler, 424 U.S. at 431). Prosecutors acting in civil proceedings in a

-11-

function analogous to prosecutors in criminal proceedings enjoy the same immunity. Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir. 1995) (citing Butz v. Economou, 438 U.S. 478 (1978). The citations and prosecution thereof against Plaintiff in the Illinois circuit court fall squarely within the boundaries of conduct for which prosecutors are immune from suit.

Plaintiff argues that by alleging that the prosecutorial actions were executed in the clear absence of statutory authority, they have met their pleading burden. They cite Smith v. Power as precedent for their position. 346 F.3d 740, 743 (7th Cir. 2003). In that decision, the Seventh Circuit cited to Stump v. Starkman, 435 U.S. 349 (1978), as precedent. Id. In Stump, the clear absence of all jurisdiction referred to a lack of subject-matter jurisdiction. 435 U.S. at 359. Plaintiff has admitted that the circuit court of Illinois is a court of original jurisdiction over all justiciable matters. The Supreme Court held in Stump that unless specifically limited by statute or case law, a judge of a court of general jurisdiction with broad authority to hear all cases, has the subject-matter jurisdiction to hear all matters. 435 U.S. at 357. Judge McCooey is such a judge and the Cook County court in Rolling Meadows is such a court as described in Stump. Because the Illinois Circuit Court is a general court of original jurisdiction, the Plaintiff's allegation that Judge McCooey acted in the clear absence of all jurisdiction fails. In Smith, the Seventh Circuit applied Stump to instances of prosecutorial immunity. 346 F.3d at 743.

Thus, despite their use of the appropriate language "clear absence of statutory authority," Plaintiff has not alleged anything in his complaint that would support Defendants Karm and Zimmerman were acting outside of statutory authority or jurisdiction. Plaintiff's Counts against Mr. Karm and Mr. Zimmerman are accordingly dismissed for money damages. Prosecutors however, are not immune for suits seeking declaratory relief. See Falk v. Baber, 2006

WL752566, slip op. at 1 (N.D. Ind. 2006). However, "federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." Tempco Elec. Heater Corp., 819 F.2d at 749. For the same reasons outlined above, namely that declaratory relief here would only interfere with the orderly disposition of Illinois state litigation and impugn accepted principles notions of comity and federalism; this court will decline to hear Plaintiff's declaratory judgment actions against Defendants Karm and Zimmerman.

Having already dismissed Counts 1, 3, 4, 5, 6, 7 and 8 entirely, Defendants' motion to dismiss is granted as to Count 9 against Defendants Karm and Zimmerman.

### IV. CONCLUSION

For the above-stated reasons, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motions to dismiss are **GRANTED** with respect to Counts 1, 3, 4, 5, 6, 7, and 8 of the Complaint at Law in their entirety. Defendants' motions to dismiss are **GRANTED** partially with respect to Count 9 of the Plaintiff's Complaint at Law against Defendants Judge Brendan McCooey, Guy M. Karm and Michael Zimmerman **ONLY**. Count 2 only contained allegations against Defendants Erb and the City. To be abundantly clear, Counts 2 and 9 against Defendants Erb and the City of Prospect Heights remain.

Enter:

David H. Coar
United States District Judge

Dated: **09/27/06**