IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  05 C 5715 |
| v. | ) | |
| CITY OF PROSPECT HEIGHTS, | ) | HONORABLE DAVID H. COAR |
| STEVE SKIBER, RODNEY ERB, | ) | |
| UNKNOWN POLICE OFFICERS, | ) | |
| BRENDAN MCCOOEY, | ) | |
| GUY M. KARM and MICHAEL | ) | |
| ZIMMERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Richard Johnson and his lay ministry, Covenant Training School Ministry ("Covenant"), sued the City of Prospect Heights, several city officials, police officers, city attorneys and an Illinois state judge, for infringement upon their constitutionally and otherwise federally protected rights, arising from the use of real property.  This Court issued two separate orders; the first dismissing Covenant as a plaintiff in this action; the second granting in part and denying in part Defendants' motions to dismiss.  Before the Court now is Plaintiff's  motion to reconsider.  For the reasons stated below, the motion to reconsider is DENIED.

**I. FACTUAL BACKGROUND**

Plaintiff Johnson's Complaint at Law alleged nine separate counts.  Count 1 alleged violations of the Fourth, Fifth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Skiber, the City and unnamed officers for the seizure and taking of real property without due process of law.  Count 2 alleged violations of the Fourth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Erb and the City for

unreasonable search and seizure of Mr. Johnson himself and the subject property. Count 3 alleged violations of the Fourth, Fifth, Ninth and Fourteenth Amendments and violation of 42 U.S.C. §1983 against Defendants Karm, McCooey, Skiber and the City for the seizure and taking of the subject property without due process of law. Count 4 was a civil conspiracy allegation that Defendants McCooey, Skiber, Karm, Zimmerman and the City conspired to deprive Plaintiff of his constitutional rights and his interest in the subject property. Count 5 alleged that Defendants violated the Fourth Amendment and §1983 when they entered and searched the subject property pursuant to administrative search warrants. Count 6 alleged violations of the First Amendment and "Federal Law 97-820" against all Defendants for the free exercise of Plaintiff's religious beliefs. Count 7 alleged that Prospect Height's municipal ordinance known as "CABO One and Two Family Dwelling Code" was ultra vires or unconstitutionally applied. Count 8 alleged that an order of the Illinois Appellate Court was void or Illinois law 65 ILCS 5/11-30-4 was unconstitutionally applied. Lastly, Count 9 alleged that the Defendants harassed the Plaintiff, trespassed on his property and abused police authority.

Defendants moved this Court to dismiss Plaintiff's Complaint at Law pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that 1) it was barred by res judicata, 2) an adequate state remedy existed, 3) absolute immunity applied to Defendants Guy M. Karm and Michael Zimmerman, who are attorneys for the City, and Defendant Judge McCooey, and 4) the court lacked subject-matter jurisdiction over the claims based on the Rooker-Feldman doctrine. Defendants' motions to dismiss were granted in part and denied in part. Counts 1, 3, 4, 5, 6, 7 and 8 of the Complaint at Law were dismissed entirely based on the Rooker-Feldman doctrine. Defendants' motions to dismiss were granted partially with respect to Count 9 of the Plaintiff's Complaint at Law against Defendants Judge Brendan McCooey, Guy

M. Karm and Michael Zimmerman.

On January 12, 2006, this Court issued a *sua sponte* Rule to Show Cause why Covenant should not be dismissed as there was nothing before the court to establish it as a legally cognizable entity and that a fair reading of the Complaint at Law revealed that Richard Johnson, a non-lawyer, filed the complaint on behalf of himself (which he was entitled to do) and Covenant, a presumably legal entity separate from Mr. Johnson. Plaintiff did not show cause and Covenant was dismissed from this action on September 27, 2006.

**II. STANDARD OF REVIEW**

A motion for reconsideration does not exist as such under the Federal Rules of Civil Procedure. Rather, Plaintiff has filed a motion to alter or amend judgment. Fed.R.Civ.P. 59(e). A court may grant a motion to amend judgment in only the following three circumstances: 1) there is newly discovered evidence; 2) there has been an intervening change in the law; or 3) the judgment reflects a manifest error in the law or fact. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.1998); Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto, 224 F.3d at 606 (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)). Such situations rarely occur, however, and the motion to reconsider should likewise be rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). The proper use of a Rule 59(e) motion is not "to advance arguments or theories that could and should have been made before the district court rendered a judgment (Anderson v. Flexel, Inc., 47 F.3d 243, 247-48 (7th Cir. 1995) (collecting cases)), or to present evidence that was available earlier ( King v. Cooke, 26

F.3d 720, 726 (7th Cir. 1994))...."

   **III. ANALYSIS**

   A court may grant a motion to amend judgment only in the following three circumstances: 1) there is newly discovered evidence, 2) there has been an intervening change in the law or 3) the judgment reflects a manifest error in the law or fact. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.1998); Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff fails to assert in his motion to reconsider any newly discovered evidence, any intervening change in the law or that the judgment sought to be amended reflected any manifest error in law or fact. Instead, in arguing for reconsideration of this Court's ruling on the motions to dismiss, Plaintiff centers his argument on his allegation that the judgments of the Illinois Appellate Court and Circuit Court were void. As for the dismissal of Covenant as a plaintiff in this action, instead of presenting any factual evidence, Plaintiff simply argues that he and Covenant are inextricably linked in possessory interest of the subject property.

   This Court already explained in its previous order why Covenant was dismissed and why the simple allegation that the Illinois state court orders were void could not stand. In Illinois, non-lawyers cannot represent others, not even the entities to which such non-lawyers belong. See Oak Grove Jubilee Center, Inc. v. City of Genoa, 808 N.E.2d 576 (2004); 705 ILCS 205/11. Therefore, assuming Covenant was a legally recognizable entity, which was never shown, Plaintiff could not represent it as he is not a lawyer and Covenant had to be dismissed from this action.

   As to the order dismissing certain counts of the complaint and certain defendants, Plaintiff does not and cannot point to any manifest error. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or

failure to recognize controlling precedent.'" Oto, 224 F.3d at 606. After reviewing the Complaint at Law and the orders of the Illinois courts, this Court determined that Counts 1, 3, 4, 5, 6, 7 and 8 were claims that were barred by the Rooker-Feldman doctrine. The Appellate Court of Illinois specifically stated "we reject all of defendants' claims that their constitutional rights were violated." (Order of the Appellate Ct. of Ill., p.12; see also p.13-15.) The Illinois Appellate Court explained why jurisdiction in the Circuit Court was sufficient and its order not void. Nevertheless, Plaintiff still seeks to have this Court declare the orders of both Illinois Court's void; which is what this Court would have to do in order to reach the claims that were dismissed. Furthermore, the Plaintiff's disagreement with this Court's application of Stump, 435 U.S. 349 (1978), does not constitute manifest error, which must be demonstrated before a motion to amend or alter judgment will be granted.

**IV. CONCLUSION**

For the above-stated reasons, Defendant's motion to reconsider is **DENIED**.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: 10/27/06